**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GINA FIELDS, The Estate of Thomas Lee Howard by and through the Independent Administrator Gina Fields, | No. 25-5893 |
| | D.C. No. 5:24-cv-02704-JGB-SP |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM[*] |
| AAA LIFE INSURANCE COMPANY, a Michigan corporation; GENENEN N. DUNN, | |
| Defendants - Appellees, | |
| and | |
| DOES, 1-30, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted July 31, 2026[**]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges

Gina Fields ("Fields") appeals the district court's orders dismissing her claims against AAA Life Insurance Company ("AAA") and Genene Dunn ("Dunn") for lack of standing, and denying her motions to remand, for leave to file a second amendment complaint, and for post-judgment relief. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo the denial of a motion to remand to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "We review de novo an order granting a motion to dismiss for lack of standing under Rule 12(b)(1)." *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 416 (9th Cir. 2020). We review the denial of leave to amend and the denial of post-judgment relief under Federal Rules of Civil Procedure 59(e) and 60(b) for abuse of discretion. *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 545 (9th Cir. 2019); *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000); *Flores v. Rosen*, 984 F.3d 720, 731 (9th Cir. 2020).

1.     The district court correctly denied Fields's motion to remand the case to state court on the grounds that Dunn was fraudulently joined. "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Under the doctrine of fraudulent joinder,

however, "[i]f a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *United Comput. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (citation and quotation marks omitted).

Fields raises three contract-based claims against Dunn: "breach of contract," "breach of the implied covenant of good faith and fair dealing," and "bad-faith." However, the record establishes that Dunn was not a party to the life insurance policy that formed the basis of Fields's claims. Accordingly, Fields cannot establish a colorable breach of contract claim against Dunn. *See id.* at 761 (holding that a defendant who was "not a party to any relevant contract on which plaintiff could predicate a claim against her" was fraudulently joined) (citation omitted). For the same reason, Fields cannot establish a colorable implied covenant or bad faith claim against Dunn. *See Smith v. City and Cnty. of San Francisco*, 225 Cal. App. 3d 38, 49 (1990) ("The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties.").

Nor does Fields present a colorable fraud claim against Dunn. Fields argues that Dunn "submitted false probate documents—false domicile, false marital status, false heirship, and an invalid death certificate." A fraud claim under

California law requires (1) a "misrepresentation"; (2) "knowledge of falsity"; (3) "intent to defraud, i.e., to induce reliance"; (4) "justifiable reliance"; and (5) "resulting damage." *Bank of the W. v. Valley Nat'l Bank of Ariz.*, 41 F.3d 471, 477 (9th Cir. 1994) (quoting *Hackethal v. Nat'l Casualty Co.*, 189 Cal. App. 3d 1102, 1111 (1987)). The district court correctly determined that Fields does not allege that Dunn made any misrepresentation to Fields, nor that Fields "relied on any such misrepresentation to [her] detriment."

2. The district court correctly determined that Dunn was not required to join the removal petition. Fields argues that Dunn filed a sanctions motion "[b]efore removal" and thus "was required to consent to removal but did not." Although "the usual rule is that all defendants in an action in a state court must join in a petition for removal . . . the rule of unanimity does not apply to nominal, unknown or fraudulently joined parties." *United Comput. Sys., Inc.*, 298 F.3d at 762 (citation and quotation marks omitted); *see also* 28 U.S.C. § 1446(b)(2)(A) (requiring consent to remove by "all defendants who have been properly joined and served"). Because Dunn was fraudulently joined, the district court correctly held that Dunn was not required to join the petition for removal.

3. The district court correctly determined that Fields's claims are not covered by the "probate exception." "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a

decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). But the probate exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312. This suit is a damages action against AAA for allegedly paying the wrong party, and it does not require the court to administer an estate or dispose of property in the custody of a California probate court. Thus, the district court correctly determined that the "probate exception" does not provide a ground for remand.[1]

4.      The district court correctly dismissed Fields's claims against AAA under Federal Rule of Civil Procedure 12(b)(1) for lack of standing. Fields raises three contract-based claims against AAA: "(1) bad-faith failure to properly investigate a life-insurance claim, (2) breach of contract, and (3) breach of the implied covenant of good faith and fair dealing." However, under California law, "[s]omeone who is not a party to the contract has no standing to enforce the contract or to recover extra-contract[ual] damages." *Hatchwell v. Blue Shield of Cal.*, 198 Cal. App. 3d 1027, 1034 (1988); *see also United Comput. Sys., Inc.*, 298 F.3d at 761. While Fields argues that she has "standing to recover [her]

---

[1] The district court also correctly determined that it has jurisdiction under 28 U.S.C. § 1332, given that Fields is a citizen of Texas or California, AAA is a citizen of Michigan, and the amount in controversy exceeds $75,000.

community-property share of the policy," Fields was neither a party to nor a beneficiary of the policy issued by AAA. The policy states that "[i]f no Beneficiary survives the Insured, the Death Benefit will be paid to the Certificate Owner or the Certificate Owner's estate." Thus, the district court correctly determined that "Fields lacks standing to individually assert the claims in [her complaint] against AAA."

5.      Fields fails to challenge the district court's dismissal of her claims on behalf of the Texas Estate of Thomas Lee Howard, and thus those claims are waived. *See Freedom From Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1152 (9th Cir. 2018) (per curiam) ("It is well established that an appellant's failure to argue an issue in the opening brief, much less on appeal more generally, waives that issue.").

6.      The district court did not abuse its discretion in denying Fields leave to amend to file an amended complaint. "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). Fields's proposed amendments would not have cured the fundamental defects underlying the dismissal of her claims. Thus, the district court acted within its discretion in denying Fields's motion for leave to amend. *See id.* at 1060.

7.      The district court did not abuse its discretion in denying Fields's

6                                              25-5893

motion for post-judgment relief under Federal Rule of Civil Procedure 60(b)(1). Under Rule 60(b)(1), a court may grant relief from a final judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." Fields argued that the district court's dismissal of her claims stemmed from a "curable procedural defect—specifically, the inadvertent omission of a captioned fraud cause of action." However, as the district court explained, its dismissal was based not on a "curable procedural defect," but rather on the fact that Fields "lacked standing to bring [her] claims against Defendants."

8.     The district court did not abuse its discretion in denying Fields's motion for post-judgment relief under Federal Rule of Civil Procedure 60(b)(6). Under Rule 60(b)(6), a court may grant relief from a final judgment or order based on "any other reason that justifies relief." Fields argues that the district court made "clear legal and factual errors," but fails to show any errors requiring modification under Rule 60(b)(6). *See Engelson v. Burlington N. R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) ("Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.") (citation omitted).

9.     The district court did not abuse its discretion in denying Fields's motion for post-judgment relief under Federal Rule of Civil Procedure 59(e). Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A "motion for reconsideration [under

Rule 59(e)] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters.*, 229 F.3d at 890 (citation omitted). Fields has identified no new evidence, clear error, or change in the law. Accordingly, the district court did not abuse its discretion in concluding that Fields did not "establish the requisite 'highly unusual circumstances' to justify granting relief under Rule 59(e)."

**AFFIRMED.**